**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| DOCUMENT SECURITY SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EVERLIGHT ELECTRONICS CO., LTD., and EVERLIGHT AMERICAS, INC. <br><br> Defendants. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Document Security Systems, Inc. ("DSS" or "Plaintiff") makes the following allegations against Defendants Everlight Electronics Co., Ltd. ("Everlight Electronics") and Everlight Americas, Inc. ("Everlight Americas") (collectively "Everlight" or "Defendants").

## PARTIES

1.     Document Security Systems, Inc. is a publicly-traded New York corporation, and has a place of business in Plano, Texas.  Founded in 1984, DSS is a global leader in brand protection, digital security solutions and anti-counterfeiting technologies.

2.     In November 2016, DSS acquired a portfolio of patents covering technologies used in Light-Emitting Diode ("LED") lighting products, including the patents-in-suit.  The patents in this portfolio were originally assigned to Agilent Technologies, Inc. and/or the successors of its LED business.  Since its recent acquisition of these patents, DSS has worked to

1

expand its business efforts regarding LED technology.  DSS is pursuing both licensing and exploitation of this technology acquisition, and is establishing those activities within its Plano location.

3.      On information and belief, Everlight Electronics Co., Ltd., is a corporation organized and existing under the laws of Taiwan with its principal place of business at No. 6-8, Zhonghua Rd., Shulin Dist., New Taipei City, Taiwan 23860.  Upon information and belief, Everlight manufactures light-emitting diode ("LED") products in Taiwan and, through its subsidiary, Defendant Everlight Americas, Inc., has sales offices in the State of Texas and elsewhere in the United States.

4.      On information and belief, Everlight Americas, Inc. is a Delaware corporation with its principal place of business at 3220 Commander Dr., Suite 100, Carrollton, Texas, 75006. Upon information and belief, Everlight Americas sells and/or offers for sale nationwide LED products manufactured by Everlight Electronics, including in the State of Texas and in this judicial district.  Defendant Everlight Americas can be served through its registered agent, Bernd Kammerer, 3220 Commander Dr., Suite 100, Carrollton, Texas, 75006.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendants in this action because, among other reasons, Defendants have committed acts within the Eastern District of Texas giving rise to this action and have established minimum contacts with the forum state of Texas, including by establishing Everlight America's principal place of business within this District.

Defendants directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), have committed and continue to commit acts of infringement in this District by, among other things, making, using, importing, offering for sale, and/or selling products and/or services that infringe the patents-in-suit.  Thus, Defendants have purposefully availed themselves of the benefits of doing business in the State of Texas and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.  Everlight Americas is registered to do business in the State of Texas, and has appointed Bernd Kammerer, 3220 Commander Dr., Suite 100, Carrollton, Texas, 75006 as its agent for service of process.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendants are subject to personal jurisdiction in this District, have transacted business in this District and have committed acts of patent infringement in this District.

## BACKGROUND

8.      DSS is the owner by assignment of United States Patent No. 6,949,771 ("the '771 Patent") entitled "Light Source."  The '771 Patent was duly and legally issued by the United States Patent and Trademark Office on September 27, 2005.  A true and correct copy of the '771 Patent is included as Exhibit A.

9.      DSS is the owner by assignment of United States Patent No. 7,524,087 ("the '087 Patent") entitled "Optical Device."  The '087 Patent was duly and legally issued by the United States Patent and Trademark Office on April 28, 2009.  A true and correct copy of the '087 Patent is included as Exhibit B.

10.      DSS is the owner by assignment of United States Patent No. 7,919,787 ("the '787 Patent") entitled "Semiconductor Device with a Light Emitting Semiconductor Die."  The '787

Patent was duly and legally issued by the United States Patent and Trademark Office on April 5, 2011.  A true and correct copy of the '787 Patent is included as Exhibit C.

11.     DSS is the owner by assignment of United States Patent No. 7,256,486 ("the '486 Patent") entitled "Packing Device for Semiconductor Die, Semiconductor Device Incorporating Same and Method of Making Same."  The '486 Patent was duly and legally issued by the United States Patent and Trademark Office on August 14, 2007.  A true and correct copy of the '486 Patent is included as Exhibit D.

12.     DSS owns all rights, title, and interest in and to the '771, '087,'787, and '486 Patents (collectively, "asserted patents" or "patents-in-suit"), including all rights to sue and recover for past and future infringement.

## COUNT I

## INFRINGEMENT OF THE '771 PATENT

13.     DSS references and incorporates by reference paragraphs 1 through 12 of this Complaint.

14.     On information and belief, Defendants make, use, offer for sale, sell, and/or import in the United States products and/or services that infringe various claims of the '771 Patent, and continues to do so.   By way of illustrative example, Defendants' infringing products include without limitation, all versions and variations, including predecessor and successor models, of its PLCC Top View SMD LED, 2214 package series, 3020 package series, 3232 package series, 3527 package series, 3528 package series, 5050 package series, and 7450 package series.  Defendants' infringing products also include products, e.g., light bulbs, displays and fixtures that contain at least one infringing LED product. Defendants' infringing products are collectively referred to hereinafter as "'771 Accused Instrumentalities."

15.     On information and belief, Defendants have directly infringed and continue to directly infringe the '771 Patent by, among other things, making, using, offering for sale, selling, and/or importing the '771 Accused Instrumentalities.  On information and belief, such products and/or services are covered by one or more claims of the '771 Patent's including at least claims 1 to 8 because they contain each element of those claims.

16.     By making, using, offering for sale, selling, and/or importing the '771 Accused Instrumentalities infringing the '771 Patent, Defendants have injured DSS and are liable to DSS for infringement of the '771 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

17.     In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe each and every claim limitation, including without limitation claims 1 to 8 of the '771 Patent, in violation of 35 U.S.C. § 271(b).  Upon information and belief, Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claims 1 to 8 of the '771 Patent. Defendants have had actual knowledge of the '771 Patent at least as of service of this Complaint. Defendants are knowingly inducing their customers and/or end users to directly infringe the '771 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '771 Patent.  The '771 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '771 Patent.

Defendants know and intend that customers that purchase the '771 Accused Instrumentalities will use those products for their intended purpose.

18.     Defendants have been aware of the '771 Patent and of its infringement as of a date no later than the date they were served with this Complaint in this action.  To the extent facts learned in discovery show that Defendants' infringement of the '771 Patent is or has been willful, or to the extent that Defendants' actions subsequent to the filing of this Complaint—such as their behavior as litigants or their failure to take remedial actions—render their infringement egregious, DSS reserves the right to request such a finding at time of trial.

19.     As a result of Defendants' infringement of the '771 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF THE '087 PATENT

20.     DSS references and incorporates by reference paragraphs 1 through 19 of this Complaint. On information and belief, Defendants make, use, offer for sale, sell, and/or import in the United States products and/or services that infringe various claims of the '087 Patent, and continues to do so.   By way of illustrative example, Defendants' infringing products include without limitation, all versions and variations, including predecessor and successor models of its PLCC Top View SMD LED, 2214 package series, 3020 package series, 3232 package series, 3527 package series, 3528 package series, 5050 package series, and 7450 package series. Defendants' infringing products also include products, e.g., light bulbs, displays and fixtures that

contain at least one infringing LED product.  Defendants' infringing products are collectively referred to hereinafter as "'087 Accused Instrumentalities."

21.     On information and belief, Defendants have directly infringed and continue to directly infringe the '087 Patent by, among other things, making, using, offering for sale, selling, and/or importing the '087 Accused Instrumentalities.  On information and belief, such products and/or services are covered by one or more claims of the '087 Patent's including at least claim 1 because they contain each element of that claim.

22.     By making, using, offering for sale, selling, and/or importing the '087 Accused Instrumentalities infringing the '087 Patent, Defendants have injured DSS and are liable to DSS for infringement of the '087 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

23.     In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe each and every claim limitation, including without limitation claim 1 of the '087 Patent, in violation of 35 U.S.C. § 271(b).  Upon information and belief, Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claim 1 of the '087 Patent.  Defendants have had actual knowledge of the '087 Patent at least as of service of this Complaint. Defendants are knowingly inducing their customers and/or end users to directly infringe the '087 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to

directly infringe the '087 Patent. The '087 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '087 Patent. Defendants know and intend that customers that purchase the '087 Accused Instrumentalities will use those products for their intended purpose.

24.     Defendants have been aware of the '087 Patent and of its infringement as of a date no later than the date they were served with this Complaint in this action. To the extent facts learned in discovery show that Defendants' infringement of the '087 Patent is or has been willful, or to the extent that Defendants' actions subsequent to the filing of this Complaint—such as their behavior as litigants or their failure to take remedial actions—render their infringement egregious, DSS reserves the right to request such a finding at time of trial.

25.     As a result of Defendants' infringement of the '087 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF THE '787 PATENT

26.     DSS references and incorporates by reference paragraphs 1 through 25 of this Complaint.

27.     On information and belief, Defendants make, use, offer for sale, sell, and/or import in the United States products and/or services that infringe various claims of the '787 Patent, and continues to do so. By way of illustrative example, Defendants' infringing products include without limitation, all versions and variations, including predecessor and successor models, of its 3045 package series. Defendants' infringing products also include products, e.g.,

light bulbs, displays and fixtures that contain at least one infringing LED product. Defendants'

infringing products are collectively referred to hereinafter as "'787 Accused Instrumentalities."

28.     On information and belief, Defendants have directly infringed and continue to

directly infringe the '787 Patent by, among other things, making, using, offering for sale, selling,

and/or importing the '787 Accused Instrumentalities.  On information and belief, such products

and/or services are covered by one or more claims of the '787 Patent's including at least claim 7

because they contain each element of that claim.

29.     By making, using, offering for sale, selling, and/or importing the '787 Accused

Instrumentalities infringing the '787 Patent, Defendants have injured DSS and are liable to DSS

for infringement of the '787 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the

doctrine of equivalents.

30.     In addition, Defendants are actively inducing others, such as their customers and

end users of Accused Instrumentalities, services based thereupon, and related products and/or

processes, to directly infringe each and every claim limitation, including without limitation

claims 1 and 7 of the '787 Patent, in violation of 35 U.S.C. § 271(b).  Upon information and

belief, Defendants' customers and/or end users have directly infringed and are directly infringing

each and every claim limitation, including without limitation claims 1 and 7 of the '787 Patent.

Defendants have had actual knowledge of the '787 Patent at least as of service of this Complaint.

Defendants are knowingly inducing their customers and/or end users to directly infringe the '787

Patent, with the specific intent to encourage such infringement, and knowing that the induced

acts constitute patent infringement.  Defendants' inducement includes, for example, providing

technical guides, product data sheets, demonstrations, software and hardware specifications,

installation guides, and other forms of support that induce their customers and/or end users to

directly infringe the '787 Patent.  The '787 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '787 Patent. Defendants know and intend that customers that purchase the '787 Accused Instrumentalities will use those products for their intended purpose.

31.     Defendants have been aware of the '787 Patent and of its infringement as of a date no later than the date they were served with this Complaint in this action.  To the extent facts learned in discovery show that Defendants' infringement of the '787 Patent is or has been willful, or to the extent that Defendants' actions subsequent to the filing of this Complaint—such as their behavior as litigants or their failure to take remedial actions—render their infringement egregious, DSS reserves the right to request such a finding at time of trial.

32.     As a result of Defendants' infringement of the '787 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF THE '486 PATENT

33.     DSS references and incorporates by reference paragraphs 1 through 32 of this Complaint.

34.     On information and belief, Defendants make, use, offer for sale, sell, and/or import in the United States products and/or services that infringe various claims of the '486 Patent, and continues to do so.   By way of illustrative example, Defendants' infringing products include without limitation, all versions and variations, including predecessor and successor models, of its 3045 package series. Defendants' infringing products also include products, e.g.,

light bulbs, displays and fixtures that contain at least one infringing LED product. Defendants' infringing products are collectively referred to hereinafter as "'486 Accused Instrumentalities."

35.     On information and belief, Defendants have directly infringed and continues to directly infringe the '486 Patent by, among other things, making, using, offering for sale, selling, and/or importing the '486 Accused Instrumentalities.  On information and belief, such products are covered by one or more claims of the '486 Patent including at least claim 1 because they contain each element of that claim.

36.     By making, using, offering for sale, selling, and/or importing the '486 Accused Instrumentalities infringing the '486 Patent, Defendants have injured DSS and is liable to DSS for infringement of the '486 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

37.     In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe each and every claim limitation, including without limitation claim 1 of the '486 Patent, in violation of 35 U.S.C. § 271(b).  Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claim 1 of the '486 Patent.  Defendants have had actual knowledge of the '486 Patent at least as of service of this Complaint.  Defendants are knowingly inducing their customers and/or end users to directly infringe the '486 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement. Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '486 Patent.  The

'087 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '486 Patent.  Defendants know and intend that customers that purchase the '087 Accused Instrumentalities will use those products for their intended purpose.

38.     Defendants have been aware of the '486 Patent and of its infringement as of a date no later than the date they were served with this Complaint in this action.  To the extent facts learned in discovery show that Defendants' infringement of the '486 Patent is or has been willful, or to the extent that Defendants' actions subsequent to the filing of this Complaint—such as their behavior as litigants or their failure to take remedial actions—render their infringement egregious, DSS reserves the right to request such a finding at time of trial.

39.     As a result of Defendants' infringement of the '486 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.


## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief from this Court:

A.     A judgment that Defendants have infringed one or more claims of the '771, '087, '787, and/or '486 Patents;

B.     A judgment and order requiring Defendants to pay DSS its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

C.     A judgment and order requiring Defendants to provide accountings and to pay

supplemental damages to DSS, including, without limitation, prejudgment and post-judgment interest;

      D.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to DSS its reasonable attorneys' fees against Defendants; and

      E.      Any and all other relief to which DSS may show itself to be entitled.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DSS requests a trial by jury of any issues so triable by right.

Dated:  April 13, 2017               Respectfully submitted,


                                         /s/    *Brian Ledahl*
                                         Brian Ledahl (CA SB No. 186579)
                                       Neil A. Rubin (CA SB No. 250761)
                                       Jacob Buczko (CA SB No. 269408)
                                       RUSS AUGUST & KABAT
                                       12424 Wilshire Boulevard 12th Floor
                                       Los Angeles, California 90025
                                       Telephone: 310-826-7474
                                       Facsimile: 310-826-6991
                                       E-mail: bledahl@raklaw.com
                                       E-mail: nrubin@raklaw.com
                                       E-mail: jbuczko@raklaw.com

                                     Elizabeth L. DeRieux
                                       State Bar No. 05770585
                                     Capshaw DeRieux, LLP
                                     114 E. Commerce Ave.
                                     Gladewater, TX 75647
                                     Telephone: 903-845-5770
                                     Email: ederieux@capshawlaw.com

                                     Attorneys for Plaintiff,
                                     *Document Security Systems, Inc.*